IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01704-WYD-MJW

VILLA GROVE RANCH CO., LLC,

     Plaintiff(s),

v.

PETER HORNICK;
JOANNE BOYCE; and
GARY BOYCE,

     Defendant(s).

## ORDER DIRECTING REMAND

THIS MATTER is before the Court on Plaintiff's Motion to Remand, filed September 20, 2005, and this Court's September 16, 2005, Order to Show Cause. Defendants Gary and Joanne Boyce (the Boyce Defendants) joined in the Motion to Remand on September 22, 2005.  Defendant Peter Hornick filed a Response in opposition to remand on September 30, 2005.  Plaintiff Villa Grove filed a Reply in support of remand on October 12, 2005.  After careful consideration of the parties' briefs, I conclude that the removal was improper and that this case should be remanded to the District Court for the County of Saguache, Colorado.

Plaintiff commenced this action on August 24, 2005, in the District Court for the County of Saguache Colorado.  According to the Complaint, Plaintiff Villa Grove Ranch Co., LLC, is a Colorado limited liability company that owns and operates a ranch in Saguache County, Colorado, pursuant to a certain *Operating Agreement*.  Defendant

Hornick owns a 50% interest in Villa Grove and the Boyce Defendants jointly own the remaining 50% interest.  Defendant Gary Boyce is the manager of Villa Grove.  In its Complaint Villa Grove asserts that "[t]here exists an ongoing dispute between the members of Villa Grove as to the purchase and sale of the Ranch Property under the buy/sell provisions of the *Operating Agreement*.  As the seller of the Ranch Property, Villa Grove seeks to obtain from the Court a declaration of its rights and obligations under the *Operating Agreement*."

On August 31, 2005, Defendant Hornick filed a Notice of Removal in which he asserted diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for this Court's jurisdiction.  Defendant Hornick admits in the Notice of Removal that diversity jurisdiction does not currently exist because "Defendants Boyce and Plaintiff Villa Grove are all 'citizens' of the State of Colorado."[1]  In an effort to cure this deficiency, Defendant Hornick requests that I realign the Boyce Defendants as Plaintiffs.  According to Defendant Hornick, the interests of Villa Grove, the seller of the ranch property, are aligned with the Boyce Defendants, the purchasers of the ranch property, in that both Villa Grove and the Boyce Defendants seek to validate the sale.  In addition, Defendant Hornick asserts that his interests are adverse to both Villa Grove

---

[1] Moreover, pursuant to 28 U.S.C. 1441(b), any civil action of which the district courts have original jurisdiction founded in diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of State in which such action is brought."  Here, the Boyce Defendants are citizens of Colorado.  In addition, it is a cardinal rule of removal that all defendants must join in the notice of removal.  *See* 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3723, p. 563 (3d. ed. 1998).  Here, only Defendant Hornick seeks removal and the Boyce Defendants oppose the removal.

and the Boyce Defendants.

There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and statutes conferring jurisdiction upon the federal courts, particularly removal statutes, are to be narrowly construed." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). If there is any ambiguity as to whether removal is appropriate, I must adopt a reasonable, narrow construction of the applicable removal statute. *Pritchett*, 420 F.3d at 1095. "In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests." *See Kenko Int'l, Inc. V. Asolo*, 838 F.Supp. 503, 505 (D. Colo. 1993) (quoting *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1387 (10th Cir. 1978). I have doubts as to whether the Boyce Defendants should be realigned as Plaintiffs in this case. However, even if I determined that the interests of the Boyce Defendants are properly aligned with Plaintiff Villa Grove, such realignment would not create complete diversity. For purposes of determining diversity jurisdiction, the citizenship of Plaintiff Villa Grove, a Colorado limited liability company, is determined by the citizenship of all of its members, including Defendant Hornick, who is a citizen of New York. *See Hale v. Mastersoft Int'l*, 93 F.Supp.2d 1108, 1112 (D. Colo. 2000) (citing *Cosgrove v. Bartollotta*, 150 F.3d 729, 731 (7th Cir. 1998)). Therefore, complete diversity between the parties does not exist regardless of whether the Boyce Defendants are realigned with Plaintiff Villa Grove.

Nevertheless, in his Response to the Motion to Remand, Defendant Hornick requests that I not only realign the Boyce Defendants as Plaintiffs, but also that I

disregard Plaintiff Villa Grove as a nominal or formal party in order to retain the requisite diversity of citizenship.  In support, Defendant Hornick contends that the dispute over the sale of the Ranch Property is solely between himself and the Boyce Defendants, and notes that if the sale to the Boyce Defendants is affirmed, Villa Grove shall be "terminated and dissolved."   *See* Operating Agreement at ¶¶ 19.1, 19.1.4.

Pursuant to Fed. R. Civ. P. 21, I may drop or add parties in order to achieve diversity of citizenship "if their presence is not essential to a just and meaningful adjudication."  *Kenko*, 839 F.Supp. At 506 (quoting *Jett v. Phillips & Assocs.*, 439 F.2d 987, 989-90 (10th Cir. 1971)).  I have discretion to dismiss a party from this action in order to achieve complete diversity unless the party can be considered an "indispensable party" under Rule 19.  *Id.*  A party is indispensable if it "claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the persons absence may . . . as a practical matter impair or impede that person's ability to protect that interest."  Fed. R. Civ. P. 19(a)(2)(I).

I find that Villa Grove is not a formal or nominal party in this case.  Pursuant to Colorado Statute, Villa Grove has the right to "sue and be sued, complain and defend, and participate in administrative or other proceedings, in its name,"  C.R.S. § 7-80-104(a).  Villa Grove commenced this action seeking a declaration of the rights of its "rights and obligations under the *Operating Agreement*," as well as the "rights, status, and legal relation of Villa Grove, Mr. Hornick and the Boyces under the terms of the *Operating Agreement*."  In addition, the Boyce Defendants have asserted a counterclaim against Villa Grove for declaratory relief and to quiet title under C.R.C.P.

105(a). Contrary to Defendant Hornick's assertion, this case is not merely a dispute between himself and the Boyce Defendants. Villa Grove is a separate entity with a legal interest in the outcome of this case that is separate and distinct from the legal interests of its members. Therefore, I will not disregard Plaintiff Villa Grove as a nominal or formal party solely for the purpose of retaining jurisdiction.

I now turn to Villa Grove and the Boyce Defendants' request that I assess attorney fees and costs pursuant to 28 U.S.C. § 1447(c) based on their contention that this mater was improvidently removed. In the Tenth Circuit, a decision whether to award attorney fees and costs under § 1447(c) when a case is remanded to state court is within the sound discretion of the district court. *Wallic v. Owens-Corning Fiberglass Corp.*, 40 F. Supp.2d 1185, 1189 (D. Colo. 1999) (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir.1997)). While I agree with that the removal was improper, I find that the Notice of Removal in this case was not so unreasonable and vexatious as to justify the imposition of attorneys fees and costs.

In conclusion, for the reasons discussed above, the Notice of Removal is improper and this case must be remanded to state court. Accordingly, it is hereby

ORDERED that this matter be **REMANDED** to District Court for the County of Saguache, State of Colorado.

Dated: December 23, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge